UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO RAMIREZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>L.S. MCEWEN,<br><br>　　　　Respondent. | Case No. CV 11-7210 JST(JC)<br><br>(~~PROPOSED~~) ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I.  SUMMARY

On August 31, 2011, Armando Ramirez ("petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 and exhibits ("Petition Exhibits" or "Petition Ex."). Petitioner challenges the California courts' decisions upholding a 2009 decision of the California Board of Parole Hearings ("the Board"), to deny him parole. He essentially claims the California courts unreasonably determined that there was some evidence he was unsuitable for parole and posed a current risk of danger to the public if released and erroneously upheld the Board's denial of parole for five years.

///

It plainly appears from the Petition and the Petition Exhibits, that petitioner is not entitled to relief at this time because his claims are not cognizable on federal habeas review. Accordingly, the Petition is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## II. DISCUSSION

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). In some instances, however, state statutes may create a liberty interest in parole entitled to protection under the federal Due Process Clause. Id. at 12.

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir. 2010) (en banc). The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. Hayward, 603 F.3d at 563.

On January 24, 2011, the Supreme Court issued a per curiam opinion in Swarthout v. Cooke, – U.S. –, 131 S. Ct. 859 (2011). In Swarthout, the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Swarthout, 131

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

S. Ct. at 863. The federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. at 862 (citing Greenholtz, 442 U.S. at 16).

In this case, petitioner does not allege that he was denied due process by virtue of being deprived of an opportunity to be heard or of the provision of a statement of reasons why parole was denied. Indeed, the record in the instant case reflects that petitioner was present and represented by counsel at his parole hearing, was given an opportunity to be heard, and was provided a statement of the reasons for the parole board's decision. (Petition Ex. F). "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, the instant Petition does not present cognizable claims for relief and is summarily denied.

## III. ORDER

IT IS THEREFORE ORDERED that the Petition is dismissed and that Judgment be entered accordingly.

DATED: 10-03-11

HONORABLE JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE

Presented by:[2]

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to Local Rule 72-3.2, the Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.